# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEREK I. ALLMON, #12579-076,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00999-JPG |
| | ) | |
| **USA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Derek Allmon, a federal inmate who is currently confined in the United States Medical Center for Federal Prisoners located in Springfield, Missouri, brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1). The Complaint is now before the Court for review under 28 U.S.C. § 1915A.

Section 1915A requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth no allegations in the Complaint. (Doc. 1, pp. 1-5). He includes no request for relief. He does not describe his claim in basic terms. (*Id*.). The Complaint consists of a one-page handwritten "Notice to Commence 28 U.S.C. § 1346 Civil Action and Request for Legal Counsel." (*Id*. at p. 1). Along with the handwritten request, he includes two denials of a

1

federal tort claim from the Federal Bureau of Prisons - North Central Regional Office dated April 5, 2019, and August 15, 2019. (*Id*. at pp. 2-3).

## Discussion

Plaintiff's Complaint does not survive screening. Federal Rule of Civil Procedure 8(a)(2) requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff's exhibits do not replace his statement of claim. Exhibits may support or even clarify claims, but they often include extraneous information. Absent a statement of claim, the Court cannot determine which events, grievances, or misconduct give rise to the claims in this case.

This Court's standard complaint form contains instructions for preparing a proper statement of claim. According to them, Plaintiff must state "as briefly as possible, when, where, how, and by whom [he] feel[s] [his] constitutional rights were violated." In other words, Plaintiff must simply and concisely describe the basis for his FTCA claim(s) against the United States.

He must also include a request for relief. *See* Fed. R. Civ. P. 8(a)(3). Rule 8(a)(3) requires a plaintiff to include a "demand for the relief sought," and this "may include relief in the alternative or different types of relief." *Id*. Plaintiff's Complaint contains no such request.

Plaintiff's failure to provide the most basic information about his claim(s) against the United States is fatal to the Complaint. The Complaint shall be dismissed. However, Plaintiff shall have an opportunity to file a First Amended Complaint, if he wishes to proceed any further with his claim(s) in this case. If he chooses to do so, Plaintiff is bound by the deadline and instructions for filing a First Amended Complaint set forth in the below disposition.

**Pending Motions**

Plaintiff's Motions for Recruitment of Counsel (Docs. 2 and 4) are **DENIED** without prejudice. A district court faced with a request for counsel must consider whether the plaintiff is unable to afford counsel and has made reasonable efforts to obtain counsel on his own before seeking the Court's assistance. If so, the Court must determine whether the plaintiff appears competent to litigate the case without counsel. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has not established that he is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). The Court denied his Motion for Leave to Proceed *in forma pauperis*, and he paid the filing fee in full on November 6, 2019. (Doc. 7). Plaintiff does not assert that he is unable to afford counsel. He also describes no efforts to locate counsel on his own. Further, despite the fact that he is currently housed in segregation, "nearly" blind, and cannot walk, Plaintiff has neither claimed nor demonstrated that he is unable to read, write, comprehend, or prosecute his claims in this action. At this stage, he has not satisfied any of the requirements necessary to obtain recruited counsel. Accordingly, both motions (Docs. 2 and 4) are denied. Plaintiff may renew this request by filing a new motion at any time he deems it necessary to do so during the pending action.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and Defendant **UNITED STATES** is **DISMISSED** without prejudice from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **December 10, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34

F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00999-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 11/12/2019**　　　　　　　　　　　　s/J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**