IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEREK I. ALLMON, #12579-076,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00999-JPG |
| | ) | |
| **USA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint filed by Plaintiff Derek Allmon. (*See* Doc. 12). Plaintiff is a federal inmate who is currently confined in the United States Medical Center for Federal Prisoners located in Springfield, Missouri. He brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. Plaintiff claims that two staff members at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), shoved him down a flight of stairs while he was wheelchair-bound and denied him access to care, food, showers, phone, and the law library. (Doc. 12, p. 6; Doc. 14, pp. 1-4). He seeks money damages against the United States for this misconduct of USP-Marion staff. (*Id*. at p. 7).

The Amended Complaint is now before the Court for review 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Amended Complaint**

Plaintiff sets forth the following allegations in the Amended Complaint:

> I have no legal documents here in solitary with no assistance whatsoever. However, my Fifth and Eighth Amendment rights were violated by two BOP employees in Marion, Illinois, when tossed down a flight of stairs in my wheelchair. Also, denied a caregiver and access to food, showers, phone, rec, law library, etc. In blatant violations of the American Disability Act (ADA) by Warden True and Mrs. Byrum the CTU manager.

(*See* Doc. 12, p. 6). Plaintiff also filed a supplement, entitled "Continuance of Statement of Claim," which consists of grievances he submitted in connection with his claim. (*See* Doc. 14).

**Discussion**

Based on the allegations in the Amended Complaint, the Court designates a single count at issue in this *pro se* action:

> **Count 1:** FTCA claim against the United States for the violations of Plaintiff's rights by two USP-Marion officials who tossed him and his wheelchair down the stairs and denied him access to a caregiver, food, showers, and services.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

The FTCA allows "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The FTCA's jurisdictional grant only covers "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Augustis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (citing *Morisch v. United States*, 653 F.3d 522, 530 (7th

Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances.")).

In other words, FTCA claims are governed by the substantive law of the state where the tort occurred. *Augustis*, 732 F.3d at 752; *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008). *See also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). In this case, Illinois law applies because all tortious conduct at issue occurred in the State of Illinois. To state a negligence claim under Illinois law, a complaint must demonstrate that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)). The allegations set forth just enough information to state a plausible FTCA claim against the United States for injuries Plaintiff suffered when two USP-Marion officials tossed him down a set of stairs, while in his wheelchair, at USP-Marion and denied him necessary care, food, and services thereafter. Plaintiff's FTCA claim against the United States survives preliminary review.

Any other claims that Plaintiff intended to bring in his Amended Complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. This includes any Fifth and/or Eighth Amendment claims brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and any claim brought pursuant to the Americans with Disabilities Act. Plaintiff specifically designates the Amended Complaint as one brought pursuant to the FTCA and not 28 U.S.C. § 1331, *Bivens*, or the ADA. (*See* Doc. 12, p. 1). He names the United States as the only defendant, and this defendant is the only proper party named in connection with an FTCA claim. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only

proper defendant in an FTCA action is the United States."). The United States is not a proper party for a *Bivens* or ADA claim, and Plaintiff names no one else as a defendant. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (holding that "[a] *Bivens* action may not be brought against the United States or a federal agency"). Accordingly, any *Bivens* or ADA claim is considered dismissed without prejudice from this action.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 13) is **GRANTED**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court considers when presented with a request for counsel). Plaintiff has demonstrated that he is unable to afford or find counsel on his own. (*See* Doc. 13, p. 1). He discloses numerous impediments to self-representation that include, but are not limited to, blindness, immobility, and placement in solitary confinement. The Court finds that the guiding hand of counsel is necessary to assist Plaintiff in litigating this matter. Accordingly, the Court will randomly select counsel through CM/ECF to represent Plaintiff *in this case only*.

### Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 12) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **UNITED STATES OF AMERICA**. All other claims in the Amended Complaint, including any *Bivens* and/or ADA claims, are **DISMISSED** without prejudice for failure to state a claim for relief.

**IT IS ORDERED** that as to **COUNT 1** the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES**; the Clerk shall issue the completed summons. All costs of service shall be advanced by the United States, and the Clerk shall provide necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall: (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Amended Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Amended Complaint, and this Memorandum and Order.

**IT IS ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that, if a Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with

the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

### Assignment of Attorney

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Michael H. Izsak** of **Klar, Izsak & Stenger, LLC** located in St. Louis, Missouri, is **ASSIGNED** to represent Plaintiff in this civil rights case. On or before **April 21, 2020**, assigned counsel shall enter his appearance in this case.

Attorney Izsak is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 12 and 14 to Attorney Izsak. The electronic case file is available in CM-ECF.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that she be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**DEREK I. ALLMON, #12579-076**
**Springfield Medical Center – Federal Prisoners**
**P.O. Box**
**Springfield, MO 65801**

**IT IS SO ORDERED.**

**DATED: April 7, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

**The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**